KREMER et al, Respondents, v. PUBLIC DRUG COMPANY, Appellant.

(170 N. W. 571).

(File No. 4416.   Opinion filed January 30, 1919.   Rehearing denied March 29, 1919.)

1.   **Trials—Subjecting Corporate Assets to Stockholder's Claim, With Accounting—Election Between Equitable and Legal Remedies —Jury Trial Not Demanded, Trial in Equity—Harmless Error.**

Where, in a suit by a stockholder of a former corporation against a successor corporation, for disclosure of and accounting for the funds and assets of the corporation, and for appointment

of a receiver with full powers, and praying that assets be sold for payment of outstanding debts and surplusage distributed to stockholders, and for general equitable relief and an injunction, defendant at opening of trial moving that plaintiff elect between the equitable and legal remedies applicable to the complaint, whereupon plaintiff announced that the action was in equity for an accounting, and not at law for damages, trial judge expressing a like view, and denying the motion to elect; defendant not having demanded jury trial, the action proceeding without objection to its conclusion, trial court making findings sustaining allegations of complaint, and that plaintiff's stock in the original corporation, by reason of wrongful conversion of its assets was rendered wholly valueless, and fixing a value upon the stock at time of its said conversion, which amount of plaintiff's damages; judgment being entered in said amount for plaintiff, and adjudging that unless defendant (the successor corporation) satisfied the judgment within the time stated, plaintiff might move for receiver of said assets with power to recover possession thereof by suit, and to sell the same to satisfy the judgment; held, that trial court's refusal to require plaintiffs to so elect was not prejudicial error.

2.   Corporations—Subjecting Corporate Assets to Predecessor Corporation's Stockholder's Claims—Transfer of Assets to Successor Corporation, When Void Re Minority Stockholder—Benefits to Transferring Stockholders, Estoppel to Claim.

In a suit by a minority stockholder in a corporation whose successor was defendant corporation, for disclosure and accounting of assets of said corporations, and for a receiver and for sale of the assets for payment of outstanding debts and distribution of surplus to stockholders and for general equitable relief; it appearing from findings of trial court among other things that the preferred stock in the original corporation should receive annual cumulative dividends, deficiencies in which would be made good from subsequent earnings and payable before and dividends on common stock, which latter should share only in surplus net earnings, and therein equally per share with preferred stock, with right to retire on or after certain date the preferred stock by paying out of surplus funds a certain premium with accumulated dividends or by issuance of common stock, share for share in lieu of the retired stock, and that in case of liquidation through insolvency, etc., or on termination of the corporation's legal existence net proceeds of remaining corporate property to be distributed in liquidation of perferred stock at par value with certain interest, and in payment of cumulative unpaid dividends, balance of surplus to be distributed pro rata between holders of common and preferred stock in proportion to par value of the shares; that plaintiff,

relying upon certain alleged fraudulent statements by directors of the original corporation, was induced to purchase shares of its preferred stock for which he paid par value, that further relying thereon he sold and delivered to the corporation certain formulas of a specified agreed value, for which said corporation issued to him shares of its common stock, that thereafter by reason of alleged threats and coercion by the corporate directors, he was induced to surrender his preferred stock and receive in lieu thereof shares of its common stock, that thereafter certain of its directors organized a new and successor corporation, said directors being owners of the majority of the stock in the original and in the new corporation, who transferred to the new corporation all assets and property of the old, and caused to be sisued to themselves stock in the new corporation in amounts equaling the respective values of their interest in the old corporation as fixed by themselves, the new corporation taking possession of all rights, assets and possessions of the old one; held, that as against the right of plaintiffs, minority stockholders in the old corporation, said transactions were wholly illegal and void. Held, further, that directors and stockholders in the first corporation, and who surrendered their stock therein and participated in the transfer to the new corporation, as well as the latter corporation itself, are estopped from seeking to derive any benefit from their said illegal acts.

3.  Corporations—Sale of All Corporate Properties, Statutory Right To—Effect Re Minority Stockholders—Compelling Stockholder to Accept Stock in Another Corporation, Untenability—"Sale," Whether Constituting.

While, under Laws 1909, Ch. 118, stockholders representing three-fourths of the outstanding corporate stock may authorize or direct sale of all the corporate properties, yet under said statute, minority stockholders possess property and contract rights of which they cannot be deprived, even by holders of three-fourths the corporate stock, nor can said minority stockholders be compelled to accept stock in another corporation, through a process of transfer of the corporate assets of a corporation to such other corporation, accompanied by cancellation of the stock of the directors carrying out such transaction and issuance to them and to such minority stockholders of stock in the new corporation; nor would such transaction constitute a sale of the properties of the corporation, within the meaning of such statute.

4.  Corporations—Minority Stockholder's Claim Re Wrongfully Transferred Assets to New Corporation—Trust Fund—Receiver, Authority to Appoint.

Where all stockholders in an existing corporation, save plaintiff, relinquished and cancelled their preferred stock therein

and, upon a transfer of all the corporation's assets to a new successor corporation, accepted common stock in the new corporation in lieu thereof, held, in a suit against the new corporation to subject the assets in the hands of said corporation to his claim upon said assets by virtue of his holding of unsurrendered preferred stock in the original corporation, and for appointment of a receiver to take possession and distribute such assets to creditors and stockholders of the first corporation, that, conceding that such relief might be awarded under allegations of the complaint, the real question upon the appeal is whether trial court, in making findings in plaintiff's favor establishing value of his stock, and for judgment in said amount, with an alternative provision that if judgment is not paid within a specified time, the assets may be sold in satisfaction thereof, thereby awarded equitable relief to which plaintiff was entitled; and, if it be assumed that such transfer of the entire assets worked a dissolution of the first corporation, such assets in the hands of any person not legally entitled thereto, became a trust fund for benefit of the corporation's creditors and stockholders, and a court of equity would have power to appoint a receiver with authority to take possession thereof for liquidation of the corporation's affairs. Held, further, that inasmuch as trial court tendered defendant corporation the privilege of retaining possession of the corporate assets upon payment of the value of plaintiff's stock, and all stockholders of the first corporation, save plaintiff, having assented to formation of the second corporation, and to said transfer of assets thereto, thereby showing themselves desirous of continuing business through said corporation, they have no ground of complaint against said decree, since trial court, in exercise of its equitable discretion, has done no more than to award plaintiff relief equivalent to that he would have received through a receivership, while leaving defendant in the position in which it has been placed by the act of all other stockholders.

5. Corporations—Subjecting Wrongfully Transferred Assets to Stockholder's Claims—Value of Unrelinquished Preferred Stock—Reimbursement of Relinquished Preferred Stock Re Distribution, Relinquishment, Acceptance of Substituted Common Stock, Effect.

In a suit to subject assets, wrongfully and against plaintiff's protest transferred by a predecessor corporation to defendant successor corporation to the claim of plaintiff, a holder of preferred stock in the original corporation, to satisfaction of the value of his stock from proceeds of sale of such assets, and for other equitable relief, held, that the voluntary surrender and cancellation of all the preferred stock (save that of plaintiff) in the original corporation, by holders thereof, operated as a

release of any proper claim upon assets of said corporation by virtue of the holding of such preferred stock; the more so in that said stockholders agreed to- and did accept common stock of a new corporation, (defendant corporation) in lieu of their former holdings, thus indicating an intent to surrender the alleged priority of right of said holders of preferred stock; and as against plaintiff, they are not in position, upon an accounting, to reclaim the right thus relinquished, nor to question the value of plaintiff's unrelinquished stock in the original corporation, fixed by trial court upon said theory of defendant stockholders' right. ·

Appeal from circuit court, Hughes County. HON. JOHN F. HUGHES, Judge.

Action by Frederick B. Kremer and another, against the Public Drug Company, a corporation incorporated under the laws of the State of South Dakota on March 7, 1912, and the Public Drug Company incorporated under Laws of the State of South Dakota on March 12, 1915, to subject the last named defendant's corporate assets to plaintiffs' claims as preferred stockholders in said first named corporation, and for other equitable relief. From a judgment for plaintiffs, defendant appeals, having subsequently taken an independent appeal from an order denying a new trial; both appeals being heard as one. Affirmed.

*Selover, Schultz & Selover,* and *H. G. Fuller,* for Appellant.
*Crawford & Crawford,* for Respondents.

(1) To point one of the opinion, Appellant cited:

Thompson on Corporations, (2nd Ed.) Vol. 4, Sec. 4562; Abbott v. Goodall, 100 Me. 231, 60 Atl. 1030; Green v. Stewart, 45 N. Y. Supp. 982, 19 App. Div. 201; Collier v. Collier, (N. J. Eq.) 33 Atl. 193; Pomeroy's Equity Jurisprudence, Sec. 237, p. 341, p. 342 (Note 3); 1093; Van Dusen v. Bigelow, 100 N. W. (N. D.) 723-26; Bailey v. Chicago & Ry. Co., 126 N. W. R. (S. D.) 268-271; Erickson v. Fischer, 51 Minn. 300-303; Rafferty v. Donnelly, 197 Pa. 423, 47 Atl. 202; Koehler v. St. Mary's Brewing Co., Pa. 77 Atl. 1077.

(2) To point two, re estoppel, Respondents cited:

Sec. 423, Code 1903, amended by Sec. 4, Chap. 1041, Sess. Laws 1907; 1 Cook on Corporations, Chap. III, Sec. 38, p. 127.

(3) To point three, Respondents' cited:

Rev. Civ. Code, Sec. 434, as amended by Laws 1909, Ch. 118;

American National Bank v. Wheeler—Adams Auto Co., 31 S. D., 524; Koehler v. St. Mary's Brewing Co., (Pa.) 77 At. 1017; Mc-Leod v. Lincoln Medical College, (Neb.) 98 N. W. 672; Colgate v. U. S. Leather Co., (N. J.) 19 Am. & Eng. Ann. Cases, 1262; 72 At. 126; I. & G. N. Ry. Co. v. Bremond, 53 Tex. 96; Botts v. Simpsonville & B. C. Turnpike Co., (Ky.) 10 S. W. 134; People v. Ballard, 32 N. E. 54; 10 Cyc. 286; 7 Ruling case Law, page 168, Sec. 143; Note to Morrison v. American Snuff Co., 89 Am. State Reports 621, (Par. IV, Sub. Div. (a). Also Par. V. Sub. Div. 1, Sub. Par. (c) in same note; Gresham v. Island City Savings Bank (Tex.) 21 S. W. 556; Lauman v. Lebanon Valley R. R. Co., (Penn.) 72 Am. Dec. 685; 10 Cyc. 286; Mason v. Pewabic Min. Co., (U. S.) 10 Sup. Ct. Rptr. 224; Pittsburg C. & St. L. Ry. Co. v. Garret (Ohio) 34 N. E. 493; Tanner v. Lindell R. Co., (Mo.) 79 S. W. 155, 103 Am. State Reports 534; Bremond v. G. N. R. R. Co., 53 Tex. 96.

(4) To point four, Appellants cited:

Pomeroy's Equity Jurisprudence, (3rd Ed.) Sec. 170, p. 198, Sec. 237, p. 341.

Respondents submitted that:

The preferred stockholders in the first company on March 5th, 1915, had no right to priority except as to dividends earned and declared. Its preferred stockholders are not creditors; and cited:

Cook on Stock and Stockholders (Second Ed.) Sec. 269, 270; Taft v. Hartford etc. R. R. Co., 8 R. I. 310, Am. Reports 575; Sec. 436, Civil Code 1903; 10 Cyc. 999, 965.

(5) To point five, Appellant cited:

Cook on Corporations, (6th Ed.) Vol. 3, Sec. 734, pp. 2431-2432.

SMITH, J. A statement of the pleadings and facts is necessary to a proper understanding of the questions presented on this appeal. On March 7, 1912, certain persons, pursuant to the laws of this state, organized a corporation under name of Public Drug Company, with a capital stock of $250,000, divided into 2,500 shares of the par value of $100, 1,250 shares of which were preferred, and 1,250 shares common, stock. The preferred stock was entitled to receive annual dividends at the rate of 7 per cent. per annum, such dividends to be cummulative, any deficiency in

such dividends to be made good out of earnings of subsequent years, and to be paid before any dividends on common stock. The common stock was to share only in the surplus net earnings. But both common and preferred stock were to share equally in any dividends from such surplus net earnings. The articles of incorporation further provide that the corporation may, at its option, at any time after the first Monday in February, 1917, call in the preferred stock by paying $110 per share, with accumulated dividends; retirement of such stock to be effected by payment in cash out of surplus funds of the company, or by the issuance of common stock, share for share, in lieu of the stock so retired; that in case of liquidation of the company by reason of insolvency or through voluntary proceedings, or because of the termination of its legal existence, the net proceeds of the remaining property of the corporation was to be distributed as follows:

In liquidation of the preferred stock at its par value, with interest at 7 per cent. per annum from the date of the last dividend and in payment of cumulative unpaid dividends, the remaining surplus to be distributed pro rata among the holders of the common and preferred stock, in proportion to the par value of the shares held by each stockholder. Upon perfecting its organization the Public Drug Company took over the assets and business of certain stores located and transacting business in the city of Minneapolis, and took possession of and operated all of said stores. The owners of said stores were incorporators of the Public Drug Company, each turning in to the corporation his stock of merchandise at a value fixed by themselves as a board of directors, and receiving in lieu thereof preferred and common stock in the corporation at par value. In acquiring these properties the corporation issued to the various owners thereof preferred stock to the amount of about $60,000 and common stock to the amount of about $70,000. Plaintiffs allege that thereafter relying upon certain alleged false and fraudulent statements claimed to have been made by directors of the corporation, he was induced to purchase 25 shares of preferred stock of said corporation for which he paid $2,500 cash and received certificates therefor; that further relying upon said false representations, plaintiff sold and delivered to said corporation certain formulæ of the reasonable and agreed value of $2,500, for which said corporation issued and

delivered to him certificates for 25 shares of its common stock; that thereafter, by reason of alleged threats and coercion on the part of the directors of said corporation, plaintiffs were induced to surrender their preferred stock, and receive in lieu thereof shares of the common stock of said corporation; that thereafter, on March 12, 1915, certain of the directors of said corporation organized a new corporation under the laws of this state, under a name identical with that of the original corporation; that the incorporators of the new corporation, being owners of a majority of the stock in the original, as well as in the new corporation, undertook to and did transfer to the new corporation all the assets and property of the original incorporation, and caused to be issued to themselves stock in the new corporation for an amount equal to the value of their respective interests in the assets of the first corporation as fixed and determined by themselves, and that, pursuant to said transaction, the second corporation has taken possession of all the rights, assets, and properties of the first corporation.

Plaintiffs in their complaint demand that defendants be required to make disclosure of and account for all funds and assets of said corporations, and that a receiver be appointed with full powers; that said assets be sold for the payment of outstanding debts and the surplus distributed to stockholders as their interests may appear. Plaintiffs also pray general equitable relief and an injunction. At the opening of the trial defendants moved that plaintiffs be required to elect between the equitable and legal remedies applicable to the allegations of the complaint. Plaintiffs in open court then announced that the action was in equity for an accounting, and not at law for damages. The trial court thereupon stated that:

"The action appears to be in equity for an accounting. The motion to compel an election is denied."

Appellant did not demand a jury trial. The action proceeded without further objection, and at its conclusion the trial court made findings of fact in substance sustaining the allegations of the complaint, and, among other things, that the stock owned by plaintiffs in the original corporation, by reason of the wrongful conversion of the assets of said corporation, was rendered wholly valueless; that at the time of said conversion such stock was of

the value of $2,750, which was the amount of plaintiffs' damages. Upon such findings, judgment was entered for plaintiffs for $2,750, with interest from the date of the commencement of the action, and it was further adjudged that unless said defendant (the second corporation), "satisfies said judgment by the payment thereof in sixty days after the entry hereof, the plaintiffs may move the court to appoint a receiver of the assets of said defendant with power to recover possession thereof by suit, if necessary, and to sell and dispose of the same to satisfy the judgment in favor of plaintiffs," and that the court retain jurisdiction over the parties and the subject-matter of the action in that behalf.

The trial court also found that upon the organization of the new corporation all the holders of stock, both common and preferred, of the old corporation, except the plaintiffs, surrendered their stock certificates for cancellation, but that plaintiffs refused to acquiesce in said transaction or to surrender their stock. The trial court also found and adjudged that by reason of the acts aforesaid, plaintiffs were in danger of irreparable injury and loss, and were without adequate remedy at law.

[1-3] Appellant assigns as error the refusal of the trial court to require plaintiffs to elect between the legal and equitable remedies assumed to be applicable under the allegations of the complaint. Defendants did not demand a jury trial, but only that plaintiffs be required to elect, and although the court refused the demand, the plaintiffs did in fact make election of their equitable remedy, and the court thereupon proceeded without objection, to try the case as in equity. It follows that prejudicial error is not shown. Appellants' main contention, however, is that plaintiffs, as minority stockholders were not entitled to pursue an equitable remedy except on behalf of the corporation, and for the purpose only of annulling the illegal transfer of the assets of the corporation, and to compel the return of such assets as are in possession of the new corporation, and incidentally the recovery for the benefit of the corporation of damages for the conversion of or injury to any portion of the assets which cannot be returned. It is perfectly clear that as against the rights of a minority stockholder, the transaction in this case was wholly illegal and void. It is equally clear that the remaining stockholders of the first corporation, all of whom surrendered their stock and participated in

and assented to the transfer to the new corporation, as well as the new corporation itself, are absolutely estopped from seeking to derive any benefit or found any rights upon their own illegal acts. It is true that under the laws of this jurisdiction (chapter 118, Laws of 1909) stockholders representing three-fourths of the outstanding corporate stock may, at a meeting of stockholders duly called for that purpose, authorize or direct the sale or mortgaging of all the corporate properties. But under this statute, minority stockholders possess property and contract rights of which they cannot be deprived, even by the holders of three-fourths of the corporate stock. Minority stockholders cannot be compelled to accept stock in another corporation. The transaction in this case was not a sale of the properties of the corporation within the meaning of the statute. Koehler v. St. Mary's Brewing Co., 228 Pa. 648, 77 Atl. 1017, 139 Am. St. Rep. 1024.

In the case of Lauman v. Lebanon Valley R. R. Co., 30 Pa. 42, 72 Am. Dec. 685, that court says:

"A corporation may dispose of all its property to another corporation and take in exchange therefor stock of the latter company; but it cannot compel one of its dissenting stockholders to take such stock in payment of his shares."

The reasons for this rule are clearly and convincingly stated in the opinion.

In the case last cited, where the assets of the defendant company were transferred to another corporation pursuant to a statute authorizing a consolidation, the court held that:

"The contract of consolidation is an act of dissolution in form and substance of the Lebanon company, and the corporation cannot, in the act of dissolution, dispose of the rights of its members. The act of dissolution, like the act of association, is not a corporate act, but an act of the members of the corporation. They may commit to their officers the business of effecting it in all its details, but they are not required to do so by the terms of their association; and, in effecting such a purpose, the officers would be rather trustees of the members than corporate functionaries. Then it follows, quite obviously, that no corporate act can settle the terms of dissolution, or distribute effects among the members, and that this company cannot decide what the plaintiff shall take for his interest. The act of dissolution works a change

in the form of the interests of its members, by destroying the stock, and substituting the thing which the stock represented, that is, a legal interest in the property, and leaves the members to such a division of this."

Injunction was awarded, subject to be dissolved upon the defendant giving security, in double the market value of the stock, to pay for said stock when its value shall be ascertained. We see no difference in principle between the equitable relief granted to the plaintiff in that case and the relief awarded by the trial court in this case.

[4, 5] Plaintiffs are not demanding, either in their own behalf or on behalf of the first corporation, that the transfer of corporate assets be annulled or rescinded. The theory of the complaint appears to be that the transfer of all its corporate properties worked a dissolution of the first corporation, and that its entire assets are wrongfully in possession of the new corporation, and the appointment of a receiver is asked to take possession of and distribute such assets to creditors and stockholders of the first corporation. But if it be conceded that such relief might be awarded under the allegations of the complaint, the real question to be determined upon this appeal is whether the trial court has awarded equitable relief, and a decree to which plaintiffs were entitled, and which was equitable and just under the evidence and findings of fact. It is not disputed that the findings of fact, with one exception hereafter referred to, are fully sustained by the evidence. If it be assumed that the transfer of its entire assets worked a dissolution of the first corporation, such assets, in the hands of any person not legally entitled thereto, become a trust fund for the benefit of its creditors and stockholders, and a court of equity would have full power to appoint a receiver with authority to take possession thereof for liquidation of the affairs of the corporation.

[6] In substance the plaintiffs' complaint demands an adjudication that the transfer of its assets worked a dissolution of the first corporation, that its assets are wrongfully held by appellant, and that a receiver be appointed to take and recover possession thereof, and that the same be distributed to the creditors and stockholders according to their legal rights. In lieu of this equitable relief the trial court has tendered to appellant the privilege of retaining possession of the corporate assets upon payment of

the value of plaintiffs' stock. In view of the fact that all the other stockholders of the first corporation have assented to the formation of the second corporation and the transfer to it of the assets of the former corporation, and have thereby shown themselves desirous of continuing the business through said corporation, they have no reasonable ground of complaint, since the trial court, in the exercise of its equitable discretion, has done no more than to award to plaintiffs relief equivalent to that they would have obtained through a receivership, and has left appellant in the position in which it has been placed by the act of all the other stockholders.

[7] Appellant, however, contends that the trial court erred in the methods adopted to determine the value of plaintiffs' stock, in that it failed to take into account the prior right to reimbursement of the preferred stock in the distribution of the corporate assets of the first corporation.

We are clearly of the view that the voluntary surrender and cancellation of all the preferred stock by holders thereof operated as a release of any prior claim upon the assets of the corporation. In confirmation of this view it may be noted that all the other stockholders of the first corporation, by resolution adopted over the protest of plaintiff agreed to and did accept common stock of the new corporation in lieu of their former holdings. This action clearly indicates an intent to surrender the alleged priority of right of all the holders of preferred stock, and as against the plaintiff, they are not now in a position, upon an accounting, to reclaim the right thus relinquished.

We have examined with much care the able and exhaustive arguments, and the citations of authorities, in the briefs of counsel, but deem it unnecessary to notice them further, as we are of the view that the matters already discussed are decisive upon this appeal.

The order and judgment of the trial court are affirmed.